

U.S. Department of Justice

*John W. Vaudreuil*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

*Address:*
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

January 23, 2017

Daniel H. Sanders
Kohler, Hart & Powell, S.C.
735 N. Water St., Ste. 1212
Milwaukee, WI 53202

Re:     United States v. Richard Ugbah
        Case No. 15-cr-00038-jdp

Dear Mr. Sanders,

This is the proposed plea agreement between the defendant and the United States in this case.

1.     The defendant agrees to plead guilty to Count 4 of the second superseding indictment in this case.  This count charges a violation of 18 U.S.C. § 1343, which carries maximum penalties of 20 years in prison, a $250,000 fine, a three-year period of supervised release, a $100 special assessment and the entry of an appropriate restitution order.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583.  The defendant agrees to pay the special assessment at or before sentencing.  The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment.  In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.     The defendant acknowledges, by pleading guilty, that he is giving up the following rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3.     The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States.  The defendant nevertheless affirms that he wants to plead

January 23, 2017
Page 2

guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4.      The defendant agrees to make a full, complete and truthful statement regarding his involvement in criminal conduct, as well as the involvement of all other individuals known to the defendant.  The defendant agrees to testify fully and truthfully at any trials or hearings.  The defendant understands that this plea agreement is not conditioned upon the outcome of any trial.  This agreement is, however, contingent upon complete and truthful testimony in response to questions asked by the Court, the prosecutor or lawyers for any party.

5.      If the defendant provides substantial assistance before sentencing, the United States agrees to move the Court to impose a sentence reflecting that assistance.  If the defendant provides substantial assistance after sentencing, the United States agrees to move the Court pursuant to Federal Rule of Criminal Procedure 35 to reduce the defendant's sentence to reflect that assistance.  The decision whether to make such a request based upon substantial assistance rests entirely within the discretion of the United States Attorney's Office for the Western District of Wisconsin.  The defendant acknowledges that even if the United States makes such a request, the Court is not required to reduce the defendant's sentence.

6.      The United States further agrees that the defendant's statements made pursuant to this plea agreement will not be directly used against the defendant.  However, direct use of financial disclosures made by the defendant pursuant to this plea agreement is permitted.  Moreover, indirect use of all statements is permitted.  This indirect use includes pursuing leads based upon information provided by the defendant, as well as the use of the statements themselves for impeachment and rebuttal purposes, should the defendant, at any point, be allowed to withdraw his guilty plea.  These indirect uses are permitted if the defendant testifies inconsistently with the substance of these statements or otherwise presents a position inconsistent with these statements.

7.      The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the provisions of USSG § 1B1.8 apply to this case and that information provided by the defendant under the terms of this plea agreement will not be used to determine his sentence, except as otherwise indicated in USSG § 1B1.8(b).

8.      The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the second superseding indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement.  This agreement not

January 23, 2017
Page 3

to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining counts of the second superseding indictment at the time of sentencing.

9.     The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before ~~January 31, 2017.~~ Feb. 15, 2017 HPD

10.    The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

11.    The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 9 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and

January 23, 2017
Page 4

efforts to make the agreed-upon immediate restitution payments.

12.     In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

13.     The defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

14.     The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future, including the forfeiture of the assets listed in the second superseding indictment.  Defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property.  Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

15.     The defendant agrees that he is the sole owner of all the property listed above, and agrees to hold the United States, its agents, and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

16.     The defendant agrees to consent to the order of forfeiture for the listed property in the second superseding indictment and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

17.     The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

18.     The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of the illegal conduct.

January 23, 2017
Page 5

19.     In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

20.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

21.     By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

22.     All plea agreements must be approved by the United States Attorney or his designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval. If you have any questions or need any additional information, please feel free to contact me.

                                    Very truly yours,

                                    JOHN W. VAUDREUIL
                                    United States Attorney

                                    By:

 3/13/17                            MEREDITH P. DUCHEMIN
Date                                ANTONIO TRILLO
                                    Assistant United States Attorneys

                                    2/21/17
                                    Date

DANIEL H. SANDERS
Attorney for the Defendant

                                    2-15-2017

RICHARD UGBAH                       Date